UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERNITA WORRELL,

                Plaintiff,                      Case No. 16CV8022

           -against-                      **COMPLAINT**

S-ELEVEN LAUNDRY INC. and NOAM ASSOCIATES
L.L.C.,

                Defendants.

      Plaintiff, VERNITA WORRELL (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants S-ELEVEN LAUNDRY INC. L.L.C. (the "Laundromat") and NOAM ASSOCIATES (the "Landlord") (the Laundromat and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

      1.     Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the the Laundromat's services.

      2.     Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

      3.     Defendants have discriminated, and continue to discriminate, against Plaintiff by failing to ensure that its public accommodation is accessible to individuals with impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff contracted polio as a child and has used a wheelchair for mobility all of her life. Plaintiff therefore has a disability within the meaning of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

7. The Laundromat owns and operates a laundromat, open to the general public, at the premises known and designated as 2783 Broadway, New York, New York (the "Property").

8. The Landlord owns the Property and the Laundromat occupies the Property pursuant to a written agreement with the Landlord.

## STATEMENT OF FACTS

9. Plaintiff has lived in the neighborhood where the Laundromat is located for many years and has long been hopeful of being able to use the Laundromat's facilities.

10. When Plaintiff's wash is taken to the Laundromat, she must sit outside on the sidewalk, or wait at home, while her family or aide does the laundry.

11. Plaintiff last visited the Laundromat on or about September 28, 2016. She has wanted to be able to enter the Laundromat and do her own laundry for more than 15 years.

12. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary

damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the ADA, 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

13. Plaintiff will continue to visit the Laundromat and will attempt to enter if the barriers to her enjoyment of the facilities have been removed.

14. The following details the results of an inspection of the Laundromat and identifies violations of the 2010 ADA Standards for Accessible Design (the " Standards") which are present at the Laundromat as of the date hereof (sections listed as violated refer to the Standards, unless otherwise noted),

The entrance has two 4 inch high steps in front of the door, resulting in the following violations:

a) 206.2.1 requires a site arrival point which provides an accessible route from the sidewalk to the building entrance, but the route is obstructed by the 2 steps at the entrance.

b) There is no accessible route because of the steps at the door, which the Plaintiff is unable to navigate, preventing her from entering (402, 404).

c) The steps at the door create a rise within the required clear floor space (302, 304.2, and 305.3).

d) A rise of more than ½ inch within an accessible route is required to be ramped to allow persons in wheelchairs with a means of entry (206.4, 303.1 303.4, 402.1, 402.2, 403.4, 404, 405).

Upon entry there is a large, open area with counters for folding laundry which exceed

3

permissible height. The sales counter located in the rear also exceeds permissible height and does not allow Plaintiff the required space to approach. There are washers and dryers on both sides.

The interior violations include:

e) The sales counter is more than the 36" above the floor, with no lowered area, at least 36" x 36", for the Plaintiff to approach, as required by 904.1, 904.4 and 904.4.1.

f) The counters for folding clothing are too high for Plaintiff to use, in violation of 226.1 and 226.2, which require at least 5% of work surfaces for non-employees to be at a height complying with 902 and dispersed throughout the space.

g) The tops of the counters for folding clothing must be between 28-34 inches from the floor. The counters in the laundry are all too high (902.1, 902.3).

h) Where, as here, more than three washing machines and/or dryers are provided, two are required to be accessible and comply with 611. No such compliant washing machines or dryers are provided here.

i) Operable parts, including detergent and bleach compartments, on accessible machines, are required to comply with the height restrictions of 309, so they are within the reach of people in wheelchairs. The machines here have no such accessible compartments below 48 inches high available.

j) Washing machines do not have doors at a compliant height so Plaintiff may do her laundry independently, in violation of 611.4.

There is one unisex bathroom. There are no grab bars, the door has a round knob and the hot water pipe under the sink is not wrapped. The flusher is on the closed side of the toilet and a bucket inside the room interferes with the required clear floor space for individuals in

4

wheelchairs.

The following violations are noted regarding the bathroom:

k) Due to the bucket stored in the bathroom, there is not enough turning space within the room (603.2.1).

l) The toilet flusher is on the closed side of the toilet and difficult to reach while in a wheelchair (309.4, 604.6).

m) Defendants are required to wrap the hot water pipe below the sink to prevent burns (606.5).

n) The door handle on the bathroom is the round knob style, although operable parts on doors should be operable with one hand and should not require tight grasping, pinching, or twisting of the wrist (309.4, 404.2.7, 602.3).

o) There are no grab bars behind or on the side of the toilet which would assist the disabled to transfer to and from the toilet (213 and 604.5).

15. All of the foregoing violations were reviewed with Plaintiff prior to the filing of this Complaint, and photographs depicting some of the barriers are annexed as Exhibit A and incorporated by reference herein.

16. Defendants' failure to remove architectural barriers at the entrance so as to provide the same opportunity to take advantage of the goods and services offered by the Laundromat to non-disabled patrons constitutes discrimination of Plaintiff, in violation of 42 USC § 12182(b)(ii) and 42 USC § 12182(2)(A)(iv).

17. According to the records of the New York City Department of Buildings, there have been substantial alterations to the Property since the implementation of the ADA, however, the precise scope and nature of the alterations to the Laundromat are presently unknown.

## FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act)

18. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

19. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

20. The Property contains a public accommodation, to wit, the Laundromat. 42 U.S.C. § 12181(7)(B).

21. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Laundromat to individuals with disabilities;

    d. Failing to design and/or construct the Laundromat so that it is readily accessible to and usable by individuals with disabilities;

    e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Laundromat is readily accessible to and usable by individuals with

disabilities, including individuals who use wheelchairs;

   f.  Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered areas, are readily accessible to and usable by individuals with disabilities; and/or

   g.  Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so (by, for example, ramping the steps at the entrance and placing 2 washing machines at a lower level.)

   22.  As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Laundromat, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

   23.  Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

**SECOND CLAIM FOR RELIEF**
(Violation of New York State Executive Law)

   24.  Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

   25.  The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

   26.  By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

27. The Defendants have discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

28. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

29. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation accessible.

30. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

31. Plaintiff asks that compensatory damages, as contemplated by Executive Law §297(9) be awarded in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS), with the total amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code)

32. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

32. The Defendants have, and continue, to subject P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

33. The Defendants have discriminated against Plaintiff in violation of Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

34. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also

8

known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added).

35. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

36. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

37. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

38. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

39. By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from its discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The Defendants' unlawful profits plus interest must be

9

disgorged.

40. Plaintiff asks that compensatory damages, as contemplated by §8-502 of the Administrative Code, be awarded in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS), with the total amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(Violations of New York State Civil Rights Laws)

41. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

42. The Defendants have discriminated against Plaintiff pursuant to the Executive Law.

43. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

44. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

45. Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

46. Injunctive relief is also necessary to make the Laundromat readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the steps at the entrance.

### DECLARATORY RELIEF

47. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility

violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

48.　In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.　Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures;

B.　Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C.　Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.　Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.　Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

  F. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

  G. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

  H. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

  I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: October 13, 2016

        *Donald J. Weiss*
        Donald J. Weiss, Esq. (7619)
        Attorney for Plaintiff
        1 Penn Plaza
        New York, New York 10119
        (212) 967-4440